POLSTON, C.J.,
concurring in part and dissenting in part.
I agree with the majority’s decision to affirm Wadada Delhall’s conviction for the first-degree murder of Hubert McCrae. However, I disagree with the decision to remand for a new penalty phase. Any errors when considered alone or cumulatively were harmless. Therefore, I respectfully dissent.
First, the record demonstrates that any error during Delhall’s cross-examination was harmless, and the trial court did not abuse its discretion in denying the motion for a mistrial. A complete review of the cross-examination shows that the prosecutor was accusing Delhall’s brother, not Delhall, of murdering Gilbert Bennett. The improper reference to Delhall was fleeting, and it was clarified by the prosecutor’s remaining questions and comments regarding Delhall’s brother as the person involved in the murder of Bennett. The prosecutor never again implied that Del-hall murdered Bennett. And the other evidence presented in Delhall’s trial about the Bennett murder clearly indicated that Delhall’s brother was the individual arrested, charged, and later convicted of murdering Bennett. Therefore, any error was harmless, and the questioning cannot be deemed “so prejudicial that it vitiates the entire trial, depriving the defendant of a fair proceeding.” Floyd v. State, 913 So.2d 564, 576 (Fla.2005).
Second, the extent of the evidence that was presented about the Bennett murder does not provide any basis to remand for a new penalty phase. This Court has upheld the admission of dissimilar fact evidence of *171 other crimes in order to establish motive. See, e.g., Victorino v. State, 23 So.3d 87 (Fla.2009); Foster v. State, 679 So.2d 747 (Fla.1996). And the relevance of the evidence of Bennett’s murder as presented was not substantially outweighed by its unfairly prejudicial impact. Importantly, the evidence did not involve crimes or bad acts committed by Delhall, but instead concerned the Bennett murder and the subsequent arrest of Delhall’s brother for that murder. Cf. Sexton v. State, 697 So.2d 833 (Fla.1997) (reversing defendant’s murder conviction where the State presented the testimony of five of the defendant’s children about the defendant’s bizarre sexual abuse of those children to show how the defendant could have influenced his son to kill his son-in-law). Furthermore, the evidence of the Bennett murder was not disproportionate in relation to the evidence that was presented regarding Delhall’s murder of McCrae. Therefore, even if the State presented more evidence than absolutely necessary to prove motive, Delhall cannot demonstrate that the evidence unfairly prejudiced him or misled or confused the jury.
Finally, the prosecutor’s improper comments during the closing argument of the penalty phase were harmless, and the trial court did not abuse its discretion in denying a mistrial. The jury considered all of Delhall’s mitigation evidence as well as all of the evidence supporting the aggrava-tors, including the aggravators that the murder was committed to eliminate a witness and that the murder was committed in a cold, calculated, and premeditated manner. It cannot be reasonably said that the improper comments contributed to the recommendation of death in this case. See Brooks v. State, 918 So.2d 181, 207 (Fla.2005). Moreover, the comments were not so prejudicial that they vitiated the entire penalty phase or deprived Delhall of a fair proceeding. See id.
Accordingly, I would affirm Delhall’s death sentence and his conviction.
CANADY, J., concurs.